IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD SEARS, | : | |
| --- | --- | --- |
| Plaintiff | : | |
| | : | No. 1:17-CV-00869 |
| v. | : | |
| | : | (Judge Kane) |
| DONTE MCCOY, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is pro se Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and motion to proceed in forma pauperis. (Doc. No. 2.) For the following reasons, the Court will construe Plaintiff's motion to proceed in forma pauperis as a motion to proceed without full prepayment of the filing fee and will grant the motion. In addition, pursuant to this Court's screening obligations, the Court will dismiss the claims set forth against Defendants Peters, Eveland, Carpentier, Sciochitana, Baumbach, Luscavage, and Varner pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2).

### I.  BACKGROUND

On May 16, 2017, Plaintiff Richard Sears, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed a pro se civil action pursuant to 42 U.S.C. § 1983, naming as defendants the following individuals: Correctional Officer Donte McCoy, Lieutenants A. Peters, J. Eveland and Brian Carpentier, Captain Sciochitana, Deputy Superintendent Facility Manager E. Baumbach, Deputy Superintendent for Centralized Services Anthony Luscavage, Superintendent Vincent Mooney, and Chief Grievance Officer Dorina Varner. (Doc. No. 1.) The allegations set forth in the Complaint stem from alleged incidents that occurred while Plaintiff was confined at the State Correction Institute at Coal Township ("SCI-Coal Township"). (Id.)

Plaintiff alleges that after Plaintiff filed grievances against McCoy, McCoy verbally abused and harassed him by calling him a "rat" in front of other inmates and made a number of sexually explicit comments to him. (Id.) Plaintiff also alleges that McCoy retaliated against him for filing grievances by throwing out Plaintiff's commissary purchase slips, placing a "dark brown foreign object" in his meal, and stealing and destroying a photograph of Plaintiff's father. (Id.) Plaintiff also alleges that Peters, Eveland, Mooney, Varner, Scicchitano, and Carpentier had an "opportunity to do something meaningful and positive for Mr. Sears and curb or deter any future forms of such behavior by defendant McCoy[,]" but they "did nothing, causing Mr. Sears to be further subjected to such behavior [by McCoy]." (Id.) These Defendants appear to be named in the Complaint on the basis of respondeat superior. Finally, Plaintiff does not make any allegations against Defendants Baumbach or Luscavage.

In addition to his complaint, Plaintiff has filed a motion to proceed in forma pauperis (Doc. No. 2). For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis will be granted. In addition, pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2), the Court will dismiss Defendants Peters, Eveland, Mooney, Varner, Scicchitano, and Carpentier, grant Plaintiff leave to amend his complaint as to Defendants Baumbach and Luscavage, and allow the First Amendment retaliation claim brought against Defendant McCoy to proceed through screening.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, prior to service of process, courts must screen civil complaints in which prisoners seek redress from governmental entities, officers, or employees. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). If a complaint

fails to state a claim upon which relief can be granted, a court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Courts have a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."). In performing this mandatory screening function, a district court applies the standard governing motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471. When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim, (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth, and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to

an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed pursuant to § 1983 under the traditional standards

of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

In this context, supervisory liability exists in only two instances: (1) when the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) when a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

### A. Defendant McCoy: Claims of Verbal Abuse

Plaintiff sets forth several allegations of verbal abuse against Defendant McCoy. Plaintiff alleges that McCoy made several explicit and sexually abusive remarks to him. (Doc. No. 1 at ¶¶ 20, 22, 24, 27.) However, "[a]llegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner." Brown v. Hamilton Police Dep't, No. CIV.A. 13-260 MAS, 2013 WL 3189040, at *2 (D.N.J. June 21, 2013) aff'd sub nom. Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J., 547 F. App'x 96 (3d Cir. 2013); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."). In addition, mere threatening language and gestures of a custodial officer are not constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa. 1986) ("Verbal abuse is not a civil rights violation."), aff'd, 800 F.2d 1130 (3d Cir. 1986). Indeed, allegations of verbal harassment or threats must be accompanied by some reinforcing act to state a constitutional claim. Here, the Complaint contains no allegations

of verbal abuse accompanied by a reinforcing act. Accordingly, as Plaintiff's allegations of verbal harassment by Defendant McCoy do not rise to the level of a viable civil rights claim, Plaintiff's verbal harassment claims against McCoy will be dismissed.

### B. Defendants Peters, Eveland, Carpentier, Sciochitana, Baumbach, Luscavage, and Varner: Personal Involvement

With respect to Defendants Peters, Eveland, Carpentier, Sciochitana, and Varner, the Complaint is devoid of allegations that these Defendants were involved in any conduct that violated Plaintiff's First Amendment rights. Plaintiff does not allege the personal involvement of Defendants Peters, Eveland, Carpentier, Sciochitana, and Varner, who admittedly did not participate in the retaliatory actions of placing a foreign object in Plaintiff's meal or stealing and destroying Plaintiff's personal property in the context of Plaintiff's First Amendment retaliation claim. Indeed, Plaintiff avers only that Defendants were involved with the handling of Plaintiff's grievances and appeals. However, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance does not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., No. CIV. 4:CV–06–1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take

corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table).

As the court stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998); see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983).

Under the standard set out above, Plaintiff fails to establish a claim that Defendants Peters, Eveland, Carpentier, Sciochitana, and Varner's conduct violates the First Amendment. Accordingly, these Defendants will be dismissed from this action.

With regard to Defendants Baumbach and Luscavage, aside from naming these Defendants in the caption of Plaintiff's Complaint, the Complaint contains no mention or allegations against these two Defendants. Accordingly, the Court will dismiss Defendants

Baumbach and Luscavage from this action without prejudice and grant Plaintiff leave to amend his complaint to include specific allegations, if any, against these two individuals.

## IV. LEAVE TO AMEND

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See id.; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

Based on the foregoing, the Court finds that Plaintiff should be permitted leave to amend his Complaint as to Defendants Baumbach and Luscavage. However, while the Court is mindful that in civil cases, unless an amendment would be inequitable or futile, pro se plaintiffs should be afforded an opportunity to amend a complaint before it is dismissed, the Court concludes that such futility exists as to Defendants Peters, Eveland, Carpentier, Sciochitana, and Varner because

Plaintiff's claim against these Defendants fails to state a constitutional violation under the First Amendment.  See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").  However, the Court finds that Plaintiff's First Amendment retaliation claim against Defendant McCoy survives the initial screening.

Plaintiff will be afforded an opportunity to file an amended complaint adhering to the standards set forth above.  Specifically, should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed.  The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.  Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supercede the original complaint.  See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013) (stating that an amended complaint supercedes the original complaint).  Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint that are omitted from the amended complaint will be deemed waived.  Id. (citations omitted).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (Doc. No. 1) will be dismissed in part for failure to state a claim upon which relief can be granted.  The Court will defer service of the original complaint to give Plaintiff an opportunity to file an amended Complaint within thirty (30) days from the date of this Memorandum's corresponding Order.  An appropriate Order follows.